**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **MELISSA M. YOUNGBLOOD,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | )    **Case No:  4:21CV330 HEA** |
| | ) |
| **CHRIS MCBEE,** | ) |
| | ) |
| **Respondent.** | ) |

**OPINION, MEMORANDUM AND ORDER**

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C.

§ 2254 [Doc. No. 1] on March 8, 2021. Respondent filed a Response to the Court's

Order to Show Cause Why Relief Should Not be Granted on June 1, 2021.

Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States

District Courts, this Court has determined that there are no issues asserted that give

rise to an evidentiary hearing and therefore one is not warranted. For the reasons

set forth below, the Petition will be denied.

**Factual Background**

Petitioner was charged with two counts of murder in the first degree, one

count of burglary in the first degree, one count of arson in the first degree, and one

count of armed criminal action. A jury found Petitioner guilty of two counts of

murder in the first degree and she was sentenced to two concurrent terms of life imprisonment without parole.

Petitioner now raises eight grounds for relief, alleging three claims of ineffective assistance of counsel and five claims of error by the trial court.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ
> if the state court arrives at a conclusion opposite to that reached by [the
> U.S. Supreme Court] on a question of law or if the state court decides
> a case differently than [the U.S. Supreme Court] has on a set of
> materially indistinguishable facts. Under the 'unreasonable application'
> clause, a federal habeas court may grant the writ if the state court
> identifies the correct governing legal principle from [the U.S. Supreme
> Court's] decisions but unreasonably applies that principle to the facts
> of the prisoner's case.

529 U.S. 362, 412–13 (2000).  Furthermore, the *Williams* Court held that "a federal

habeas court may not issue the writ simply because that court concludes in its

independent judgment that the relevant state court decision applied clearly

established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was

contrary to or involved an unreasonable application of clearly established federal

law as determined by the Supreme Court of the United States, or the decision was

based on an unreasonable determination of the facts in light of the evidence

presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides

a case based on a different rule of law than the rule dictated by United States

Supreme Court precedent, or it decides a case differently than the United States

Supreme Court did on materially indistinguishable facts. *Id*. A decision may only

be overturned, as an unreasonable application of clearly established United States

Supreme Court precedent, if the decision is both wrong and an objectively

3

unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct, and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## Statute of Limitations

Congress provides a one-year window in which a habeas applicant can file a petition for writ of habeas corpus.  That window opens at the conclusion of direct review.  The window closes a year later.  Failure to file within that one-year window requires the court to dismiss the petition for writ of habeas corpus. 28 U.S.C. §2244(d) (1) (A); See *Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir.), cert. denied, 540 U.S. 971 (2003). If an inmate does not seek a writ of certiorari on direct review, direct review concludes when the time limit for seeking further review expires. *Gonzales v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Under Missouri Supreme Court Rule 30.01, Rule 30.03, Rule 81.04, and Rule 81.08, the time limit for filing a notice of appeal is ten days after sentencing.

## Ineffective Assistance of Counsel

To prevail on his ineffective assistance of counsel claims, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. See *Strickland v. Washington*, 466 U.S. 668, 688 (1984). With respect to the first *Strickland* prong, there is a strong presumption that counsel's conduct fell within the wide range of professionally reasonable assistance. *Id*. at 689. Thus, "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," and the "burden to show that counsel's performance was deficient rests squarely on the defendant." *Burt v. Titlow*, 571 U.S. 12, 22-23 (2a013) (quotation marks and citation omitted); see also *Strickland*, 466 U.S. at 689 (noting that a petitioner must show that the challenged action was not part of a sound trial strategy); *Abernathy v. Hobbs*, 748 F.3d 813, 816 (8th Cir. 2014) (explaining that reviewing courts must refrain "from engaging in hindsight or second-guessing of trial counsel's strategic decisions") (citation omitted)).

To establish "prejudice," the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "Merely showing a conceivable effect is not enough; a reasonable probability is one sufficient to undermine confidence in the outcome." *Paulson v. Newton Corr. Facility*, 773

F.3d 901, 904 (8th Cir. 2014) (citation omitted). Although *Strickland* requires a

showing of both deficient performance and prejudice, a "finding that no prejudice

exists is sufficient to conclude that counsel was not constitutionally ineffective –

[courts] need not make a determination regarding deficiency*." Holder v. United

States*, 721 F.3d 979, 987 (8th Cir. 2013).

"Taken together, AEDPA and *Strickland* establish a 'doubly deferential

standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012)

(quoting *Cullen v. Pinholster*, 563 U.S. 170, 202 (2011)).

> First, under *Strickland*, the state court must take a predictive judgment about
> the effect of the alleged deficiencies of counsel on the outcome of the trial,
> focusing on whether it is "reasonably likely" that the result would have been
> different absent the errors. *Strickland*, 466 U.S. 696. ... To satisfy *Strickland*,
> the likelihood of a different result must be "substantial, not just
> conceivable." *Id*. Under AEDPA, [federal courts] must then give substantial
> deference to the state court's predictive judgment. So long as the state court's
> decision was not "contrary to" clearly established law, the remaining
> question under the "unreasonable application" clause of § 2254(d) is
> whether the state court's determination under the *Strickland* standard is
> unreasonable, not merely whether it is incorrect. [*Harrington v. Richter*, 562
> U.S. 86, 112, 101 (2011)]. This standard was meant to be difficult to meet,
> and "even a strong case for relief does not mean the state court's contrary
> conclusion was unreasonable." *Id.* at [102.]

*Williams*, 695 F.3d at 831-32. "When § 2254(d) applies, the question is not

whether counsel's actions were reasonable. The question is whether there is any

reasonable argument that counsel satisfied *Strickland's* deferential standard."

*Harrington*, 562 U.S. at 105.

In this context, a state court's findings of fact made in the course of deciding a claim of ineffective assistance of counsel are presumed to be correct. *Odem v. Hopkins*, 382 F.3d 846, 849 (8th Cir. 2004).

## Procedural Default

To preserve a claim for federal habeas review, a state prisoner "must present that claim to the state court and allow that court an opportunity to address [his or her] claim." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* The federal habeas court will consider a procedurally defaulted claim only "where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)). To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, "[t]he habeas petitioner must show 'not merely that the errors at...trial created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Lastly, in

7

order to assert the fundamental miscarriage of justice exception, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

## Discussion

Review under 28 U.S.C. § 2254 is a review to determine whether a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Petitioner states ten grounds for relief.

Under the AEDPA, state prisoners have one year to file their petition for federal habeas corpus relief after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"3 28 U.S.C. § 2244(d)(1)(A); *Boston v. Weber*, 525 F.3d 622, 624 (8th Cir. 2008). If a petitioner does not timely file a federal habeas petition, then the Court must dismiss the petition. See *Cross-Bey,* 322 F.3d 1012 (reversing and remanding for dismissal of the habeas petition as not timely filed).

A judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez,* 565 U.S. at 150. When a Missouri prisoner files a direct appeal but does not file a motion to transfer to the Missouri Supreme Court, the statute of limitations begins to run 15 days after the Missouri Court of Appeals affirms the conviction, as this is when the

prisoner may no longer seek further review. See *Camacho v. Hobbs*, 774 F.3d 931, 934-35 (8th Cir. 2015) (when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); and Mo. S. Ct. R. 83.02 (a party seeking transfer to the Missouri Supreme Court must file an application for such transfer "within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed").

If the petitioner files a post-conviction petition, the statute of limitations is tolled while the post-conviction action is pending. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"); see *Boston*, 525 F.3d at 624. The statute of limitations remains tolled throughout the entirety of the post-conviction process. See *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (an application for post-conviction relief "is pending as long as the ordinary state collateral review process is in continuance – i.e., until the completion of that process"). This period encompasses the time between the denial of a post-conviction motion and the timely filing of an appeal. See *Peterson v. Gammon*, 200 F.3d 1202, 1205 (8th Cir. 2000) (the "ordinary meaning of the word 'pending' ... includes the entire period during which a notice of appeal from a denial of post-

9

conviction review would be timely, assuming such a notice was in fact filed"). The post-conviction process ends on the date the Court of Appeals issues its mandate. See *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of the mandate in his post-conviction case, was timely). However, the period between the date on which a petitioner's case became final on direct review and the date on which he filed for postconviction relief, is not tolled, and counts against the one-year statute of limitations. *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"); Boston, 525 F.3d at 624-26.

Applying these principles to Petitioner's case demonstrates that the petition is untimely. Here, Petitioner filed a direct appeal and the Court of Appeals denied Petitioner's appeal on May 14, 2014. Petitioner did not file a motion for rehearing or a motion to transfer so the judgment became final 15 days later, on May 29, 2014. On that date, the Section 2244(d)(1) one-year statute of limitations began to run and continued to run until Petitioner filed her post-conviction motion on August 14, 2014.

The statute of limitations was tolled until the post-conviction process ended on May 15, 2020, the date on which the Missouri Court of Appeals issued its

mandate affirming the motion court's judgment. At this point, the one-year statute of limitations began to run again and continued to run until the Petition in this case was filed on March 8, 2021, which was mailed on March 5, 2021.

As Respondent points out, Petitioner claims to have notarized her petition on February 24, 2021, but the Petition was not filed until March 8, 2021. Petitioner does not indicate a date on which she deposited the Petition in the mail, however the USPS tracking information on the envelope establishes that the Petition was Mailed on March 5, 2021. A total of countable time from the time Petitioner's judgment became final and the post-conviction process ended is 372 days. The one-year statute of limitations for Petitioner to file her federal petition for writ of habeas corpus had expired before Petitioner filed her petition on March 5, 2021 -- 7 days past the deadline. Accordingly, the petition is untimely.

While not mentioned by either party, the one-year period under § 2244(d) is subject to the doctrine of equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner seeking to benefit from equitable tolling must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling provides only "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). The burden is on the petitioner to demonstrate grounds warranting

11

application of equitable tolling. *Pace*, 544 U.S. at 418. "The extraordinary circumstance that prevents a petitioner from timely filing his federal [habeas] application must be external to the petitioner and not attributable to his actions." *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012).

Petitioner provides no explanation for the delay in pursuing her claim. As previously noted, Petitioner claims to have notarized her petition on February 24, 2021, but fails to explain the delay in mailing. Petitioner has not alleged or demonstrated that an "extraordinary circumstance" prevented her from timely filing her federal habeas petition. Under the circumstances, equitable tolling is inapplicable. *Cross-Bey*, 322 F.3d at 1015–16 (equitable tolling not warranted in the case of unrepresented prisoner alleging a lack of legal knowledge or resources).

## Conclusion

Petitioner filed his federal habeas action beyond the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1)(A). An extension of the limitation period is not warranted under equitable tolling principles. Because Petitioner clearly filed an untimely federal habeas petition, the Court need not address the merits of Petitioner's grounds for relief.

## Certificate of Appealability

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is

12

held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

13

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the Court finds that Petitioner has failed to make the requisite "substantial showing." *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Accordingly, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 5th day of January, 2024.

_____
   HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE

14